# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERALD TUCKER, | 1:12-cv-00578-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED WITHOUT PREJUDICE (Doc. 9.) |
| v. | |
| DONNA TARTER, et al., | |
| Defendants. | OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I.   BACKGROUND**

Jerald Tucker ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 13, 2012. (Doc. 1.) On June 28, 2012, Plaintiff filed a motion for preliminary injunction, which is now before the Court. (Doc. 9.)

**II.   MOTION FOR PRELIMINARY INJUNCTION**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008) (citations omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before

it an actual case or controversy. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. <u>Id.</u> Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

     In this action, the Court lacks jurisdiction as this stage of the proceedings to grant the relief Plaintiff requests. Plaintiff has not paid the filing fee for this action or submitted an application to proceed in forma pauperis. On April 19, 2012, the Court entered an order requiring Plaintiff to either pay the filing fee or submit an application within thirty days. (Doc. 4.) Plaintiff has requested and was granted an extension of time to comply with the Court's order. (Docs. 7, 8.) After Plaintiff has paid the filing fee or has been granted leave to proceed in forma pauperis, the Court is required to conduct a screening to determine if Plaintiff states any cognizable claims. None of the defendants have yet appeared in this action. Therefore, at this stage of the proceedings, the Court does not yet have before it an actual case or controversy, nor does the Court have jurisdiction over any of the defendants in this action. As a result, the Court has no jurisdiction at this time to award any preliminary injunctive relief. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Therefore, a request for preliminary injunctive relief is premature, and Plaintiff's motion shall be denied, without prejudice to renewal at a later stage of the proceedings.

### III. CONCLUSION AND RECOMMENDATIONS

     Based on the foregoing, the Court finds it lacks jurisdiction at this juncture to grant preliminary injunctive relief. Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunctive relief, filed on June 28, 2012, is DENIED without prejudice.

1   These findings and recommendations are submitted to the United States District Judge
2   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days
3   after being served with these findings and recommendations, Plaintiff may file written objections
4   with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings
5   and Recommendations."  Plaintiff is advised that failure to file objections within the specified time
6   may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
7   1991).

9      IT IS SO ORDERED.
10     **Dated:   June 29, 2012**                           /s/ **Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE