# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERALD TUCKER, | 1:12-cv-00578-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR COURT ORDER REQUIRING PRISON OFFICIALS TO PROVIDE TRUST ACCOUNT STATEMENT (Doc. 11.) |
| v. | |
| DONNA TARTER, et al., | ORDER GRANTING EXTENSION OF TIME |
| Defendants. | SIXTY DAY DEADLINE TO SUBMIT TRUST ACCOUNT STATEMENT |

**I.   BACKGROUND**

Jerald Tucker ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 13, 2012. (Doc. 1.) On April 19, 2012, the Court entered an order requiring Plaintiff to submit a certified copy of his prison trust account statement within sixty days. (Doc. 4.) Plaintiff requested and was granted a thirty day extension of time in which to comply with the Court's order. (Docs. 7, 8.)

On July 16, 2012, Plaintiff filed a motion for a court order requiring prison officials to provide him with a certified copy of his trust account statement. (Doc. 11.) Plaintiff's motion is now before the Court.

**II.   PLAINTIFF'S MOTION**

Plaintiff requests the Court to issue an order requiring prison officials to provide him with a certified copy of his prison trust account statement, to enable Plaintiff to comply with the Court's order of April 19, 2012. Plaintiff asserts that he has made several requests to prison officials without success.

The Court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (*quoting* Bell v. Wolfish, 441 U.S. 520, 547 (1970).  Accordingly, the court shall defer to the prison's policies and practices in providing documents to inmates pursuant to inmate requests.  Moreover, the Court lacks jurisdiction to issue an order requiring prison officials to provide Plaintiff with a copy of his trust account statement, because the Court does not have such a case or controversy before it in this action.  See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985); City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  Therefore, Plaintiff's motion must be denied.  However, the Court finds good cause to grant Plaintiff a sixty day extension of time in which to submit a certified copy of his prison trust account statement, pursuant to the Court's order of April 19, 2012.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a court order directing prison officials to provide him with a certified copy of his prison trust account statement is DENIED;

2. Plaintiff is granted sixty days from the date of service of this order in which to submit a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint, pursuant to the Court's order of April 19, 2012; and

3. **No further extensions of time shall be granted without a showing of good cause**.

IT IS SO ORDERED.

Dated: **July 17, 2012**              /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE