# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERALD TUCKER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>D. TARTER, et al.,<br><br>　　　　　　Defendants. | CASE NO. 1:12-cv-00578 LJO GSA PC<br><br>FINDING AND RECOMMENDATION RE DISMISSAL OF DEFENDANT TARTER<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>(ECF No. 1) |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). This action proceeds on the original complaint filed on April 13, 2012.

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

　　　　Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation at the California Substance Abuse Treatment Facility at Corcoran (SATF). Plaintiff

brings this action, claiming that he has been subjected to inadequate medical care such that it violates the Eighth Amendment's prohibition on cruel and unusual punishment. Plaintiff names as defendants the following individuals: Kings County Superior Court Judge Donna Tarter, SATF Warden Ralph Diaz; SATF Chief Medical Officer.[1]

Plaintiff alleges that he suffers from a spinal condition that required him to undergo spinal surgery. Plaintiff alleges that during the surgery, the surgeon "severed my nerve for life," requiring Plaintiff to take a "special damaged nerve medication." Plaintiff alleges that this medication has caused him to gain weight. Plaintiff alleges that he has gained 130 lbs, and currently weights 360 lbs. Plaintiff alleges that "the specialist ordered the prison to stop the medication and replace it with another one." Plaintiff also alleges that the specialist ordered aqua therapy and a lumbar corset, and that "the prison has not done nothing." Plaintiff filed a writ of habeas corpus in state court. Plaintiff alleges that the Superior Court "instead of addressing the issue . . . addressed the deficiency in my case."

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743.44).

Regarding Judg Tarter, Plaintiff cannot state a claim under section 1983 against her for any decisions made by her in Plaintiff's case, because the judge is absolutely immune for judicial acts. Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000). The denial of Plaintiff's writ is

---

[1] By separate order, the Court dismisses with leave to amend Plaintiff's claims regarding the Warden and Chief Medical Officer.

2

1  unquestionably a judicial act. Judge Tarter is therefore immune from suit. The Court finds that this
2  defect is not capable of being cured by further amendment. The Court therefore recommends
3  dismissal of Judge Tarter, with prejudice. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007)
4  (recognizing longstanding rule that leave to amend should be granted even if no request to amend
5  was made unless the court determines that the pleading could not possibly be cured by the allegation
6  of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given
7  leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint
8  could not be cured by amendment).

9  Accordingly, IT IS HEREBY RECOMMENDED that Defendant Tarter be dismissed, with
10 prejudice, for Plaintiff's failure to state a claim against her upon which relief could be granted.

11 These findings and recommendations are submitted to the United States District Judge
12 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within thirty
13 days after being served with these findings and recommendations, Plaintiff may file written
14 objections with the court. Such a document should be captioned "Objections to Magistrate Judge's
15 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
16 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
17 1153 (9th Cir. 1991).

21      IT IS SO ORDERED.
22      Dated:    **October 5, 2012**                    **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE