# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERALD TUCKER, | CASE NO. 1:12-cv-00578 LJO GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| D. TARTER, et al., | (ECF No. 1) |
| Defendants. | |

**Screening Order**

**I.     Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). This action proceeds on the original complaint filed on April 13, 2012.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation at the California Substance Abuse Treatment Facility at Corcoran (SATF). Plaintiff brings this action, claiming that he has been subjected to inadequate medical care such that it violates the Eighth Amendment's prohibition on cruel and unusual punishment. Plaintiff names as defendants the following individuals: Kings County Superior Court Judge Donna Tarter, SATF Warden Ralph Diaz; SATF Chief Medical Officer.[1]

Plaintiff alleges that he suffers from a spinal condition that required him to undergo spinal surgery. Plaintiff alleges that during the surgery, the surgeon "severed my nerve for life," requiring Plaintiff to take a "special damaged nerve medication." Plaintiff alleges that this medication has caused him to gain weight. Plaintiff alleges that he has gained 130 lbs, and currently weights 360 lbs. Plaintiff alleges that "the specialist ordered the prison to stop the medication and replace it with another one." Plaintiff also alleges that the specialist ordered aqua therapy and a lumbar corset, and that "the prison has not done nothing." Plaintiff filed a writ of habeas corpus in state court. Plaintiff alleges that the Superior Court "instead of addressing the issue . . . addressed the deficiency in my case."

---

[1] By separate finding and recommendation, the Court will recommend dismissal of Judge Tarter.

2

1  To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743.44).

### A. Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Although Plaintiff has clearly alleged an objectively serious condition that is being disregarded, he fails to link any individual defendant to that conduct. Plaintiff must allege facts indicating that each individual defendant knew of and disregarded Plaintiff's condition. Plaintiff can

not hold defendants liable by simply concluding that defendants are liable simply because of their position.

Regarding defendants Warden Diaz and the Chief Medical Officer, under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff has not alleged any facts to support an allegation that the Chief Medical Officer or the Warden knew of, participated in or directed the violations at issue.

Because Plaintiff has failed to allege facts linking individual defendants to the deprivation at issue, the complaint must therefore be dismissed. Plaintiff will, however, be granted leave to file an amended complaint. Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has failed to do so here.

### III.    Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George,

1 | 507 F.3d at 607 (no "buckshot" complaints).

2 |     Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
3 | named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
4 | Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be
5 | [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v.
6 | Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

7 |     Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
8 | Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
9 | (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
10 | pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
11 | complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing
12 | to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
13 | 1474.

14 |     Accordingly, based on the foregoing, it is HEREBY ORDERED that:

15 |     1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

16 |     2.    The Clerk's Office shall send to Plaintiff a complaint form;

17 |     3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
18 |     amended complaint;

19 |     4.    Plaintiff may not add any new, unrelated claims to this action via his amended
20 |     complaint and any attempt to do so will result in an order striking the amended
21 |     complaint; and

22 |     5.    If Plaintiff fails to file an amended complaint, the Court will recommend that this
23 |     action be dismissed, with prejudice, for failure to state a claim.

26 | IT IS SO ORDERED.

27 | **Dated:   October 5, 2012**          /s/ Gary S. Austin
                                                    UNITED STATES MAGISTRATE JUDGE