IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERALD TUCKER,<br><br>    Plaintiff,<br><br>  vs.<br><br>DONNA TARTER, et al.,<br><br>    Defendants.<br>_____/ | 1:12-cv-00578-LJO-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 32.)<br><br>ORDER VACATING DISMISSAL ORDER AND JUDGMENT (Docs. 30, 31.)<br><br>ORDER DIRECTING CLERK TO REOPEN CASE<br><br>THIRTY DAY DEADLINE FOR PLAINTIFF TO FILE FIRST AMENDED COMPLAINT |

**I.     BACKGROUND**

Plaintiff, a state prisoner presently incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, is proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 13, 2012. (Doc. 1.) On December 9, 2012, the Court dismissed the Complaint for failure to state a claim, with leave to file an amended complaint within thirty days. (Doc. 21.) The thirty day deadline passed, and Plaintiff did not file an amended complaint or otherwise respond to the Court's order. (See Court Docket.) On November 14, 2012, findings and recommendations were entered, recommending that this action be dismissed based on Plaintiff's failure to state

1

a claim. (Doc. 26.) On November 29, 2012, Plaintiff requested an extension of time to file objections, and on December 20, 2012, Plaintiff was granted thirty days in which to file objections to the findings and recommendations. (Docs. 27, 29.) The thirty day deadline passed, and Plaintiff did not file objections or otherwise respond to the Court's order. (See Court Docket.) On January 28, 2013, the Court dismissed this action with prejudice, for failure to state a claim, and judgment was entered. (Docs. 30, 31.)

On February 22, 2013, Plaintiff filed objections to the findings and recommendations, which the Court now treats as a motion for reconsideration of the Court's January 28, 2013 order dismissing this action. (Doc. 32.)

## II.    MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted.) In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff argues that his case should not have been dismissed for failure to file an amended complaint, because he mailed an amended complaint to the Court on January 22, 2013. Plaintiff submits as evidence a proof of service showing that he mailed legal/confidential mail addressed to the Court on January 22, 2013 by "sealing it before a correctional officer, and leaving it in the custody of that same officer at KVSP." (Motion, Doc. 32 at 6.) Plaintiff asserts that the mail contained his amended complaint, which he submitted to the Court in response to the findings and recommendations of November 14, 2012.

### III.    DISCUSSION

A review of the Court's docket shows that on December 20, 2012, the Court granted Plaintiff a thirty-day extension of time in which to file objections to the findings and recommendations of November 14, 2012, establishing a deadline of January 22, 2013 to file objections.[1] (Doc. 29.) There is no record on the Court's docket that Plaintiff filed objections or an amended complaint anytime between December 20, 2012 and January 28, 2013, the date this case was dismissed. (See Court Docket.) Nevertheless, Plaintiff appears certain that he submitted an amended complaint for mailing at KVSP on January 22, 2013, and he has submitted evidence in support of his assertion.[2] Notwithstanding the fact that Plaintiff's deadline for filing the amended complaint had expired on November 13, 2012, the Court would likely have found good cause to allow Plaintiff's case to proceed if he had submitted the amended complaint to the Court on January 22, 2013. Therefore, based on Plaintiff's evidence that he made a good faith attempt to mail an amended complaint to the Court on January 22, 2013, and good cause appearing, Plaintiff's motion for reconsideration shall be granted and this case shall be reopened. Plaintiff shall be granted thirty days from the date of service of this

---

[1] Pursuant to 6(d), "When a party may or just act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).) Fed. R. Civ. P. 6(d). The Court's order granted Plaintiff thirty days from the date of service of the order, and the order was served on December 20, 2012. Id. Thus, Plaintiff had until 33 days after December 20, 2012, or until January 22, 2013, to file objections.

[2] Based on the mailbox rule of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379 (1988), a pro se prisoner's court filing is deemed filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

3

order to file an amended complaint, pursuant to the Court's order of October 9, 2012.  Plaintiff is reminded that on November 14, 2012, the Court dismissed defendant Kings County Judge Donna Tarter from this action, with prejudice, based on her absolute immunity from suit for judicial acts.  (Doc. 20.)

Plaintiff requests the Court to send him a copy of the amended complaint he mailed to the Court.  However, the Court never received the amended complaint and therefore cannot make a copy for Plaintiff.

### III.  CONCLUSION AND ORDER

The Court finds that Plaintiff has shown good cause for the Court to grant his motion for reconsideration, and this case shall be reopened.

Therefore, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on February 22, 2013, is GRANTED;
2. The Court's order dismissing this action and judgment, dated January 28, 2013, are VACATED;
3. The Clerk is DIRECTED to reopen this case; and
4. Plaintiff is granted thirty days from the date of service of this order in which to file a First Amended Complaint, pursuant to the Court's order of October 9, 2012.

IT IS SO ORDERED.

Dated:   February 25, 2013            /s/  Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE

4