UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JERALD TUCKER,

          Plaintiff,

    vs.

DONNA TARTER, et al.,

          Defendants.

1:12-cv-00578-LJO-GSA-PC

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER § 1983
(Doc. 34.)

OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS

## I.      BACKGROUND

Jerald Tucker ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on April 13, 2012.  (Doc. 1.)  The court screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order on October 9, 2012, dismissing the Complaint for failure to state a claim, with leave to amend.  (Doc. 21.)  On April 1, 2013, Plaintiff filed the First Amended Complaint, which is now before the court for screening.  (Doc. 34.)

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

III.     SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Kern Valley State Prison in Delano, California.  The events at issue in the First Amended Complaint allegedly occurred while Plaintiff was incarcerated at the California Substance Abuse Treatment Facility (SATF) in Corcoran, California.  Plaintiff names as defendants Ralph Diaz (Warden), Jean Pierre (Physician's Assistant (PA)), Ogibuehi (PA), Nurse Talley, Nurse Pasca, A. Enenmoh (Chief Medical Officer, SATF), and John Doe (ADA Nurse).  Plaintiff's factual allegations follow.

Plaintiff suffers from a spine condition for which he had surgery.  During the surgery the surgeon severed Plaintiff's nerve, so Plaintiff now needs to take medication for life.  Plaintiff takes the medication Lyrica, which has caused him to gain 130 pounds in nine months.  The spine specialist physician at Bakersfield Neuroscience and Spine Institute ordered the

prison to stop the medication and replace it with another nerve medication called Tegretol. The spine specialist also ordered that Plaintiff be provided with aqua swimming physical therapy and a lumbar corset. For more than two years after Plaintiff's surgery, his primary care providers at the prison, defendants PA Ogbuehi, PA Jean Pierre, and Nurses Pasca and Talley, did nothing to follow the spine specialist's orders. Plaintiff was given a cotton elastic back support, but not a lumbar corset. Plaintiff alleges that defendants failed to provide him with adequate medical care because they did not follow up with ADA staff to make sure Plaintiff was provided with a lumbar corset.

Plaintiff filed inmate grievances at the prison concerning his medical needs, but his requests for treatment were not properly processed or granted. Defendant CMO Enenmoh was "well aware" of the fact that Plaintiff was being denied basic medical care, but he did not properly process Plaintiff's 602 appeals. (Amd Cmp, Doc. 34 at 4 ¶2.)

Plaintiff argues that if he had received all of the care he was entitled to, and if his primary care provider had stopped the Lyrica medication, he would not weigh 440 pounds, require a wheel chair, suffer pain every day, or require further surgery.

Plaintiff requests compensatory damages and injunctive relief.

## IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

///

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury."  (Id. at 743-44).

## A.   Personal Participation – Defendants Diaz and John Doe

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added).  Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.  Iqbal, 556 U.S. at 676.

Plaintiff fails to make any allegations in the First Amended Complaint of personal participation by defendant Ralph Diaz or John Doe (ADA Nurse).  Therefore, Plaintiff fails to state a claim against defendants Diaz and John Doe.

## B.   Eighth Amendment Medical Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX

Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

///

Plaintiff has demonstrated that he has a serious medical need.  However, Plaintiff's allegations against the defendants do not meet the standard for deliberate indifference.  Plaintiff alleges that defendants failed to follow the spine specialist's orders with regard to his medical treatment, but Plaintiff has not shown that any of the defendants acted, or failed to act, while knowing about and deliberately disregarding a substantial risk of serious harm to Plaintiff's health.  Plaintiff's allegation that defendant Enenmoh "was aware" of denial of medical care to Plaintiff is not sufficient to state a claim.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.  Therefore, Plaintiff fails to state an Eighth Amendment medical claim against any of the defendants.

C.      **Inmate Appeals Process**

To the extent that Plaintiff seeks to state a claim against any of the defendants for failing to respond properly to his inmate appeals, Plaintiff is advised that Defendants' actions in responding to his appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process.  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment."  Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983.  Buckley, 997 F.2d at 495.  Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable claim for the processing and/or reviewing of his 602 inmate appeals.

///

**V.      CONCLUSION AND RECOMMENDATIONS**

The court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any of the defendants.  In this action, the court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the court.    Plaintiff has now filed two complaints without alleging facts against any of the defendants which state a claim under § 1983.  The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983, and that this dismissal be subject to the "three-strikes" provision set forth  in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 21, 2013**                      **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE